GREEN, J.,
delivered the opinion of the court. The decree is liable to many well founded objections. It is a decree by default against parties who were not in contempt by any proper process. Neither the subpoena nor the decree nisi required the defendants to answer any such bill as was in fact exhibited ; and the parties named in the decree nisi are different from those between whom the decree was made. There are variances at every step of the proceedings. No such decree nisi could regularly be entered against Coiner; though, upon the return that he was not an inhabitant of the state, a decree nisi with an order of publication, might have been entered, if the proceedings had been in other respects regular. If there were no other objections to the decree, the irregularities in the process woulfi be sufficient to reverse it.
*The next objection is, that the bond, upon which the decree is founded against Coiner, as the surety of the other defendant, does not conform, in substance, to that prescribed by the statute, for the official bond of an administrator with the will annexed. It was intended to be in the form of that prescribed for an administrator, but it does not even conform to that. The form of the condition of the bond, is that given by the act of 1711, which was altered by the act of 1785, and retained as altered, in all the subsequent revisáis. The stipulation to administer the goods &c. according to law, found in this bond, and which is found also in the forms prescribed by law, for the bonds of both executors and administrators with the will annexed, and other administrators, does not embrace the surplus assets iiayable to legatees or distributees, but only extends to receipts and disbursements made in the expenses of the administration and the payment of debts. If it went further, and embraced that surplus, there would have been no necessity or propriety in making any difference in the form of the stipulations of the bonds in respect to its disposition, and to provide (as the statute does, in the bond of an executor or administrator with the will annexed) that the balance upon the account of the administration, remaining unadministered, shall be paid and delivered in satisfaction of legacies given by the will, as far as the goods, chattels and credits will extend according to the value thereof, and as the law shall charge; and, in the case of an administration, “to such person or persons respectively as are entitled to the same by law.” The bond in this case, though it may be good as a common law bond, for the indemnity of the justices to whom it was given, (as to which I give no opinion,) is not a statutory bond, upon which any suit at law or in equity can be maintained for the benefit, and at the relation, of a legatee. And, therefore, the bill ought to be dismissed as to the appellant Coiner.
The appellant Frazier is, however, responsible to the legatees for the surplus assets of James Frazier his testator *in his hands, independently of the bond. But he was not responsible to the legatees of John Frazier, for the assets of his estate which came to his hands. As to them he was executor de son tort, and as such liable to John Frazier’s creditors at law, .but not to legatees in equity, without setting up an administrator de bonis non, and making him a party; for, otherwise, a recovery by them would not protect him from the demand of any subsequent administrator de bonis non, as he would be protected by the recovery of a creditor. Edlows v. Deane, Bunb. 36, cited in Wernick v. M’Murdo, 5 Rand. 75.
But even if he was responsible in respect to the assets in his hands of John Frazier, in this suit, the principle upon which that fund was distributed by the decree is erroneous. John Frazier died intestate in respect to that fund; and his surviving brother was entitled to a moiety of it, as a part of his general assets, and the four children of his deceased brother Samuel, to the other moiety; two of whom having since died, one of them intestate and unmarried, that moiety was equally distributable between his surviving brother, and the representatives of his deceased brother and sister, respectively.
The residuary assets of James Frazier (in which is included a moiet3T of the residue óf John Frazier’s assets) was also distributed by the decree, upon mistaken principles, which excluded the infant party from any participation in it. James Frazier bequeathed the residue of his estate to the four children of his brother Samuel (who was dead) as tenants in common. Two of them died in the lifetime of this testator; one of them leaving issue. The consequence was, that as to a moiety of that residue, the residuary legacy lapsed; as to it the testator was intestate; and it *461 •was distributable among his next of kin, his two surviving1 nephews, and the proper representative o± his deceased niece, who was entitled to one-third of that moiety so lapsed. But the whole has been equally divided between the two surviving nephews, upon the ground, I suppose, of the general rule, *that all legacies failing by lapse or otherwise, fall into the residuum, and pass to the residuary legatees ; which is true, in respect to all specific or pecuniary legacies, but not as to the subject of the residuary legacy itself; for, if any part of that fails to take effect, by lapse or otherwise, it becomes so far an intestacy, and goes to the next of kin as undisposed of.
There is yet another error in these proceedings : the admitting in evidence against the appellants, and taking as the foundation of the decree, the record of another cause, to which the plaintiffs in this suit were neither parties nor privies.
The decree must be reversed; the bill dismissed with costs as to Coiner, and the cause remanded with directions to send it to the rules, with leave to the plaintiffs to amend their bill, if they shall be advised to do so; and to be further proceeded in there.